IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PARAGON BIOTECK, INC.**,

    Plaintiff,

v.

**ALTAIRE PHARMACEUTICALS, INC.** and **SAWAYA AQUEBOGUE, LLC**,

    Defendants.

Case No. 3:15-cv-00189-PK

**ORDER**

**Michael H. Simon, District Judge.**

    Paragon BioTeck, Inc. ("Paragon") is a Nevada corporation with its principal place of business in Oregon. Defendants are entities based in and organized under the laws of New York. Paragon brought claims against Defendants sounding in contract, tort, and fraud, and Defendants moved to dismiss for lack of personal jurisdiction. United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on May 12, 2015. Dkt. 34 (hereinafter "F&R"). Judge Papak recommended that Defendants' motion be granted and the case be dismissed.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Nor, however, does the Act "preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Paragon timely filed an objection, Dkt. 40, to which Defendants responded. Dkt. 42. Paragon objects to the portion of Judge Papak's F&R finding that the Court does not have personal jurisdiction over Defendants for purposes of Paragon's contract claim. As no party has objected to the portion of the F&R concerning Paragon's tort claim, the Court reviews that portion for clear error on the face of the record. No such error is apparent; accordingly, the Court adopts that portion of the F&R. The Court reviews *de novo* the portion of the F&R regarding Paragon's contract claim.

In its Objection, Paragon relies heavily upon this Court's prior decision in *Beverage Management Systems, Inc. v. Ott*, 2013 WL 1296083 (D. Or. Mar. 26, 2013). That case, however, pre-dates two important decisions that have altered the landscape of personal-jurisdiction analysis. In *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the Supreme Court limited the extent to which "a *plaintiff's* forum connections" could be attributed to the defendant when

PAGE 2 – ORDER

analyzing the defendant's contacts with the forum state. *Id.* at 1125 (emphasis added). And in *Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015), the Ninth Circuit interpreted *Walden* to preclude personal jurisdiction in a case remarkably similar to this one.[1]

The contract claim in *Picot* arose out of an ongoing contract relationship between a Michigander and a Californian. The contract was entered into in Michigan and the Michigander performed his duties almost entirely in Michigan, but he corresponded regularly with his Californian counterpart and twice visited California to further their common enterprise. *Id.* at 1212-13. Regardless, the court held that these contacts were insufficient to support a California court's assertion of personal jurisdiction. *Id.* at 1213.

Here, Defendants' contacts with Oregon are even fewer. True, Defendants are in an ongoing contract relationship with Paragon. There are no facts pled, however, as to where that contract was negotiated or consummated, and that burden lies with Paragon. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("[T]he plaintiff bears the burden of demonstrating that jurisdiction is appropriate."). Defendants perform their duties under the contract entirely in New York. They send documents and make telephone calls to Oregon, but have never entered the State, not even "transitor[ily]." *Cf. Picot*, 780 F.3d at 1213. (quotation marks omitted).

Under these circumstances, the Court is bound by circuit precedent to hold that it cannot assert personal jurisdiction over Defendants. The Court therefore ADOPTS Judge Papak's F&R (Dkt. 34) and GRANTS Defendants' motion to dismiss for lack of personal jurisdiction (Dkt. 13).

**IT IS SO ORDERED.**

---

[1] Tellingly, Paragon cites *Picot* not once in its Objection.

PAGE 3 – ORDER

DATED this 10th day of July, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – ORDER